Jonathan A. Backman  
Law Office of Jonathan A. Backman  
117 N. Center Street  
Bloomington, Illinois 61701-5001  
(309) 820-7420  
jbackman@backlawoffice.com  

E-filed on: December 17, 2009

L. Kristopher Rath  
Jeffrey Hall  
Hutchison & Steffen  
Peccole Professional Park  
10080 West Alta Drive, Suite 200  
Las Vegas, Nevada 89145  

Counsel for the Liquidating Trustee

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Chapter 11 |
| XYIENCE INCORPORATED, a Nevada corporation, | No. BK-S-08-10474-MKN |
| Debtor. | |
| DAVID R. HERZOG, as Liquidating Trustee, | |
| Plaintiff, | Adversary Case No. |
| v. | |
| MTV NETWORKS, a division of VIACOM, INC., | |
| Defendant. | |

COMPLAINT

Plaintiff David R. Herzog, as Liquidating Trustee (the "Trustee") for the estate of Xyience, Incorporated (the "Debtor"), the former debtor and debtor in possession the above-captioned Chapter 11 case (the "Case"), complains against defendant MTV NETWORKS, a division of VIACOM, INC., as follows:

## BACKGROUND

1. On January 18, 2008 (the "Petition Date"), the Debtor filed in this Court (the "Court") its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et. seq. (the "Bankruptcy Code" or the "Code").

2. Pursuant to an Order entered January 31, 2008 (the "Avoidance Date Order") the Court dismissed, with prejudice, an involuntary petition for relief under chapter 11 of the Bankruptcy Code filed against the Debtor on January 3, 2008, as Case No. BK-S-08-10049-MKN.

3. The Avoidance Date Order provides that, in this Case, the period for avoidance actions under the applicable provisions of the Bankruptcy Code will be measured as if the petition date in this Case were January 3, 2008 (the "Extended Avoidance Date").

4. From January 18, 2008 through the October 23, 2008, entry of the Plan Confirmation Order (as hereinafter defined), the Debtor operated and managed its business affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. On May 19, 2008, the Debtor filed its Plan of Reorganization ("Plan"), which provided, among other things, that substantially all of the Debtor's remaining assets, including all of its pre-petition claims, rights and causes of action, and all of its right and powers to pursue avoidance actions under Chapter 5 of the Bankruptcy Code, would be transferred to and would vest in a Liquidating Trust for the benefit of various creditor classes.

6. The Plan further provided that, upon the Effective Date of the Plan, a Liquidating Trustee would represent the Trust Estate.

7. On October 23, 2008, the Court entered an Order (the "Plan Confirmation Order") approving the Debtor's Disclosure Statement in connection with the Plan and confirming the Plan.

8. On November 12, 2009, the Court entered an Order authorizing the Trustee to accept the appointment as Liquidating Trustee, and the Trustee accepted his appointment on that day.

9. On November 20, 2009, the Trustee caused notice of his appointment to be filed and served, and on November 23, 2009, the Plan became effective.

## JURISDICTION

10. The Court possesses subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b).

11. This Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

12. Venue of this Adversary Proceeding lies in this judicial district under 28 U.S.C. 1409(a) because the Bankruptcy Case is pending here and the amount of the alleged transfers at issue exceeds $10,950.

## COUNT I: PREFERENCES

13. The Trustee realleges and incorporates by reference each of the foregoing allegations of this Complaint as if fully restated here.

14. Prior the Petition Date, the Debtor was indebted to defendant.

15. Within the 90 days prior to the Petition Date, defendant received the following payments, among others, from the Debtor, or from property of the Debtor (collectively, the "Preference Payments"):

    (a) $100,000 on November 7, 2007.

16. Each of the Preference Payments was made to defendant for or on account of an antecedent debt owed by the Debtor to defendant before the payment was made.

17. Each of the Preference Payments was made while the Debtor was insolvent.

18.    Each of the Preference Payments enabled defendant to receive more than defendant would have received in this Case if the Case were a case under Chapter 7 of the Bankruptcy Code, the Payment had not been made and, instead of the Payment, defendant had received payment on its claim under the applicable provisions of the Bankruptcy Code.

19.    Accordingly, the Trustee is entitled to avoid the Preference Payments pursuant to section 547(a) of the Bankruptcy Code, and is entitled to recover the amount of such Payments from defendant pursuant to section 550(a)(1) of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, the Trustee prays that this Court enter judgment for him and against defendant, in the amount of the Preference Payments, plus costs and interest, where appropriate, and that the Court grant the Trustee such other and further relief as may be just and proper.

Dated: December 17, 2009

Respectfully submitted,

/s/  Jonathan A. Backman

Jonathan A. Backman
Law Office of Jonathan A. Backman
117 N. Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420
FAX:  (309) 820-7430
jbackman@backlawoffice.com

*David Herzog, as Liquidating Trustee for the
   Estate of Xyience, Incorporated*