Richard E. Bergeron III
PO Box 5212
Weirs Beach, NH 03247
Pro-Se
Email: Rich.Bergeron@gmail.com
617-209-4325

RECEIVED AND FILED
APR 25 12 12 PM '11
U.S. B... MARY ...

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>A Nevada Corporation,<br><br>Debtor. | Case No: BK-S-08-10474-MKN<br>Chapter 11<br><br>Adversary No. 08-1082-MKN |
| XYIENCE, INCORPORATED,<br>A Nevada Corporation,<br><br>Plaintiff.<br><br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation,<br><br>Counterdefendant. | **NOTICE OF APPEAL**<br><br>Hearing Date: n/a<br>Time: n/a |

**DEFENDANT AND COUNTERCLAIMANT RICHARD E. BERGERON'S NOTICE OF APPEAL OF 4-08-11 ORDER OF JUDGE KING**

Richard E. Bergeron, the defendant and counterclaimant in the above entitled proceeding, hereby appeals under 28 U.S.C. § 158 from the attached order of the bankruptcy judge entered in this adversary proceeding on the 8th day of April, 2011.

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

**Original Xyience, Inc. Attorney Jamie Cogburn:**

9555 S. Eastern Avenue
Suite 280
Las Vegas, NV 89123

**William Bullard on behalf of himself and Zyen, LLC:**

1335 E. Sunset Road, SUITE J
Las Vegas, NV 89119

**Karim Maskatiya:**

7244 Fisher Island Dr
Miami Beach, FL 33109

**Omer Sattar:**

662 Tam 0 Shanter
Las Vegas, Nevada 89109

**Zuffa, LLC:**

2960 West Sahara Avenue
Suite 100
Las Vegas, NV 89102

**Station Casinos, Inc.:**

1505 SOUTH PAVILLION CENTER DRIVE
Las Vegas, NV 89135

**Michael Levy:**

1335 E. Sunset Road Suite # J-H
Las Vegas, Nevada 89119

**Kirk Sanford:**

7199 Ranchito Circle
Las Vegas, Nevada 89120

**XYIENCE, Inc.:**
**C/O Jon Backman & David Herzog (Trustee's Counsel and Trustee, respectively)**

jbackman@backlawoffice.com, drhlaw@mindspring.com

**Attorney John Mowbray (Director) and Laurel Davis and their firm: Fennemore Craig:**

JMOWBRAY@fclaw.com
LDAVIS@fclaw.com

**Attorney Jon Pearson, formerly of Fennemore Craig and now with Ballard Spahr, LLP:**

pearsonj@ballardspahr.com

**Attorney Pamela Lawson and her firm Hunterton and Associates, also operating in the past on behalf of ADAM FRANK**

plawson@huntertonlaw.com

**LAWRENCE J. SEMENZA, also on behalf of ADAM FRANK:**

lsemenza@bhfs.com; orodriguez@bhfs.com

**TODD L. BICE, also on behalf of ADAM FRANK:**

lit@pisanellibice.com, mar@pisanellibice.com

**MICHAEL N. FEDER on behalf of ZUFFA MARKETING, LLC:**

mfeder@lrlaw.com, cwrangham@lrlaw.com;nfortenberry@lrlaw.com

**Attorneys Matthew C. Zirzow and Gregory Garman and their firm: Gordon and Silver, LTD, on behalf of Fertitta Enterprises, Lorenzo Fertitta, Estate of Frank Fertitta Jr., and Frank Fertitta III:**

bankruptcynotices@gordonsilver.com; bknotices@gordonsilver.com

**ANTHONY W. AUSTIN on behalf of ZUFFA MARKETING, LLC:**

aaustin@lrlaw.com

DATED: April 25, 2011

Signed:

**Rich Bergeron**
**PO BOX 5212**
**Weirs Beach, NH 03247**
**617-209-4325**
**Attorney Pro-Se**
Rich.Bergeron@gmail.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

Entered on Docket
April 08, 2011

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED,<br><br>Debtor. | Case No.: BK-S-08-10474<br>Chapter 11 |

## ORDER ENJOINING INTERFERENCE WITH IMPLEMENTATION OF PLAN OF REORGANIZATION

Pursuant to the Findings of Fact and Conclusion of Law filed this date, it is hereby ordered that:

1. The Emergency Motion for Plan Implementation Injunction (dkt. no. 589), filed by Zyen, LLC, and Manzen, LLC, doing business as Xyience, is granted.

2. Richard Bergeron and any person or entity acting on his behalf are enjoined from:

(a) Pursuing claims discharged, enjoined or exculpated, pursuant to the confirmed plan of reorganization in this case, against:

(1) Debtor Xyience Incorporated ("Debtor"), Zyen, LLC ("Zyen"), or Manzen, LLC, doing business as Xyience ("Xyience");

(2) Xyience's principals, management, and employees, including past

and present Xyience employees, John Lennon, Michael Levy, and John Villari.

(3) Zyen's principals, management and employees, including Frank Fertitta, III, Lorenzo Fertitta, and William Bullard;

(4) Xyience's and Zyen's current or formerly retained attorneys, other than written (not electronic) correspondence sent to Zyen's and Xyience's retained counsel, including Gregory E. Garman;

(b) Communicating, including contact by telephone, electronic correspondence, text messages, social media postings, posting on web pages or other media affiliated with Xyience, or in person, with:

(1) Debtor, Zyen, or Xyience;

(2) Xyience's principals, management, and employees, including past and present Xyience employees, John Lennon, Michael Levy, and John Villari;

(3) Zyen's principals, management, and employees, including Frank Fertitta, III, Lorenzo Fertitta, and William Bullard:

(4) Mixed martial arts studios and fighters affiliated with Xyience or Ultimate Fighting Championship;

(5) Xyience's customers; and

(6) Zyen's and Xyience's current or formerly retained attorneys, other than written (not electronic) correspondence sent to Zyen's and Xyience's retained

counsel, including Gregory E. Garman.

(c) Disclosing, transmitting, transferring, or disseminating proprietary information regarding Xyience operations, accounts, financial affairs, sales forecasts, employees, including proprietary information obtained through Righard Bergeron's unauthorized access to the Xyience servers.

Dated: APR 0 8 2011.

Lloyd King
United States Bankruptcy Judge

RECEIVED AND FILED
APR 25 12 12 PM '11
U.S. BANKRUPTCY COURT

**Richard E. Bergeron III**
**PO Box 5212**
**Weirs Beach, NH 03247**
**Pro-Se**
**Email: Rich.Bergeron@gmail.com**
**617-209-4325**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **In re:**<br><br>**XYIENCE, INCORPORATED,**<br>**A Nevada Corporation,**<br><br>**Debtor.** | **Case No: BK-S-08-10474-MKN**<br>**Chapter 11**<br><br>**Adversary No. 08-1082-MKN** |
| **XYIENCE, INCORPORATED,**<br>**A Nevada Corporation,**<br><br>**Plaintiff.**<br><br>**v.**<br><br>**RICHARD BERGERON, an individual,**<br><br>**Defendant.** | |
| **RICHARD BERGERON, an individual,**<br><br>**Counterclaimant,**<br><br>**v.**<br><br>**XYIENCE INCORPORATED, a Nevada corporation,**<br><br>**Counterdefendant.** | **DEFENDANT AND COUNTERCLAIMANT RICHARD E. BERGERON'S MOTION FOR LEAVE TO APPEAL INFORMA PAUPERIS**<br><br>**Hearing Date: n/a**<br>**Time: n/a** |

**DEFENDANT AND COUNTERCLAIMANT RICHARD E. BERGERON'S MOTION FOR LEAVE TO APPEAL INFORMA PAUPERIS**

Defendant and Counterclaimant Richard E. Bergeron ("Bergeron") hereby files this Motion For Leave To Appeal Informa Pauperis in relation to the attached notice of appeal of the 4-08-2011 order of Judge Lloyd King. Also attached are an affidavit and financial documentation proving Bergeron does not have sufficient income that would allow him to pay any docketing or service fees in this matter.

Bergeron only recently received a copy of this order, and no copy has been entered into his own adversary proceeding as of this writing. The order was only entered into the core bankruptcy proceeding, and a copy was sent to Bergeron via U.S. Mail, which was subsequently forwarded to his current Las Vegas address. The U.S. Trustee made no appearance at the hearing, and there is no basis for this order not being entered on the docket of the adversary proceeding. Further, Judge King began the hearing by giving extensive legal advice to Attorney Gregory Eugene Garman of Gordon Silver. Garman did not even agree with the judge's analysis of the situation, and Garman did not seek relief under the statute Judge King mentioned, but he was granted such relief under that statute nonetheless. This clear, pervasive bias has no place in any U.S. Court, and the order should be overturned promptly due to these concerns and additional constitutional issues.

## LEGAL ANALYSIS:

Authority to allow prosecution of an appeal in forma pauperis is vested in "[a]ny court of the United States" by 28 U.S.C. § 1915 (a). The second paragraph of section 1915 (a) seems to contemplate initial application to the district court for permission to proceed in forma pauperis, and although the circuit rules are generally silent on the question, the case law requires initial application to the district court. *Hayes v. United States*, 258 F.2d 400 (5th Cir., 1958), cert. den. 358 U.S. 856, 79 S.Ct. 87, 3 L.Ed.2d 89 (1958); *Elkins v. United States*, 250 F.2d 145 (9th Cir., 1957) see 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960); *United States v. Farley*, 238 F.2d 575

(2d Cir., 1956) see 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529 (1957).

If in forma pauperis status is granted, "the officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d). In addition, the statute allows the court to require a record on appeal or transcript of proceedings to be prepared at no expense to the party. 28 U.S.C. § 1915(c).

***Traguth v. Zuck*, 710 F. 2d 90, 91 (1983) additionally provides:**

**"Implicit in the right to [self-representation] is the obligation on the part of the Court to make reasonable allowances to protect Pro Se litigants from inadvertent forfeiture of important rights because of their lack of legal training." And the "Court's duty is even broader in the case of a [Pro Se] defendant who finds [himself] in court against [his] will with little time to learn the intricacies of civil procedure and law." See 28 U.S.C.A. 1654.**

Just as he did at the hearing on the motion to amend Bergeron's sanctions motion held on February 10, 2011, Judge King willfully admitted at the March 1, 2011 hearing on the instant matter that he had not read the associated pleadings related to the initial motion for sanctions and other paperwork that would be necessary for him to review to make an informed decision on Bergeron's stated merits set forth in the pleading paperwork. Judge King again took no opportunity to reserve judgment until after he had sufficient time to review the associated pleadings. Instead, he simply ruled on the spot at the close of the hearing.

"A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Id. (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S. Ct. 1504 (1985)). Since Judge King was clearly negligent in reviewing the full record, the appeals process must be borne out for a fair and legally sound conclusion to be made on the motion.

Bergeron's rights to equal treatment under the law were substantially denied due to Judge King's substitution into this case and his subsequent prejudicial treatment of Bergeron without proper review of the associated paperwork. The instant

order being appealed also subjects Bergeron to a clear prior restraint against speech. The order restricts communication of any kind with multiple parties with no basis for such extreme measures presented. Bergeron works as a combat sports journalist, and he is being restricted from communicating with any fighter associated with the Ultimate Fighting Championship, which clearly violates his First Amendment rights. Thus, a party may only appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their rights. *Travelers Cas. & Sur. v. Corbin* (In re *First Cincinnati, Inc.*), 286 B.R. 49, 51 (B.A.P. 6th Cir. 2002) (citations omitted).

Bergeron should be allowed leave to appeal because he has also been denied standing to represent injured shareholders who were damaged by the silencing of Bergeron due to an unconstitutional injunction secured at the outset of the district court case. Judge King classified Bergeron's sanctions request improperly as a claim, and the reorganization plan for the bankruptcy clearly stipulates "the Bergeron matter" as being allowed to continue. Bergeron had already filed his sanctions motion, expressly seeking relief for the shareholders, before the reorganization plan came into effect. Bergeron's relief request is not a separate claim of any sort that can be said to be similar to anything the Trustee seeks in his adversary cases. Bergeron requests sanctions through Rule 9011 as well as the inherent power of the court. This is not a claim in any traditional sense and should not be treated as such.

Judge Nakagawa should be the presiding judge on this case moving forward, as he is the one most familiar with the pleadings and prior hearings held. While Judge King mandated Bergeron appear personally at all future hearings, King himself appeared by satellite video feed at the hearing giving way to the order being appealed here. A hearing on this same matter was secured just 4 days from entry of the associated pleadings, while Bergeron's motion for sanctions has not been granted a hearing yet even though the last amended motion was submitted more than a year ago. The preferential treatment afforded Bergeron's opposition in this case is detrimental to justice and also to Bergeron's ability to afford to proceed properly with these matters.

**WHEREFORE:** Bergeron should be granted leave to appeal informa pauperis and given adequate relief as follows:

The order of Judge King dated April 8, 2011 should be overturned, and Bergeron should be allowed to amend the outstanding sanctions motion upon the conclusion of the appeal.

Bergeron is being punished for simply asking questions and investigating his subjects aggressively. He never once made any threats, veiled or otherwise, to any subject he is now being enjoined from speaking with. There is no justification for an injunction against him such as the one entered here, which is facially unconstitutional and overbroad.

Judge Nakagawa should also be restored as the presiding judge on this case due to a pervasive bias shown against Bergeron demonstrated by Judge King by way of his repeated criticism of Bergeron's lack of an attorney, which he cannot afford. Judge Nakagawa is most familiar with the past pleadings Judge King admittedly did not even read prior to both hearings he presided over that are now subject to appeal. Judge King displayed a disrespectful and ignorant view of Bergeron's related requests regarding the February 10th hearing as well as the March 1 hearing, and his immediate rulings on the day of the hearings is further evidence that he is not willing to adequately review the case files he is obliged to in order to make an informed decision based on the full record of the case.

Dated this 25th day of April, 2011

Rich Bergeron
PO BOX 5212
Weirs Beach, NH 03247
617-209-4325
Attorney Pro-Se
Rich.Bergeron@gmail.com

RECEIVED AND FILED

**Form 4. Motion and Affidavit for Permission to Appeal In Forma Pauperis**

APR 25 12 12 PM '11

U.S. BANKRUPTCY COURT MARY A. SCHOTT, CLERK

# Motion and Affidavit for Permission to Appeal In Forma Pauperis

Xyience, Inc.
Debtor, plaintiff, counterdefendant

v. Appeal No. ________

Richard Bergeron defendant 1+counterclaimant

District Court or Agency No. BK-S-08-10474-MKN
Adversary: 08-1082-MKN

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Rich Bergeron (signature)<br>*Signature* | April 25, 2011<br>*Date* |

**My issues on appeal are:** Standing for Sanctions Request and First Amendment concerns with facially unconstitutional and overbroad injunction.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 200 | $ | $ 200 | $ |
| Self-employment | $ 150 | $ | $ 150 | $ |
| Income from real property (such as rental income) | $ N/A | $ | $ N/A | $ |
| Interest and dividends | $ N/A | $ | $ N/A | $ |
| Gifts | $ N/A | $ | $ N/A | $ |
| Alimony | $ N/A | $ | $ N/A | $ |
| Child support | $ N/A | $ | $ N/A | $ |

| | | | | |
|---|---|---|---|---|
| Retirement (such as social security, pensions, annuities, insurance | $ N/A | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ N/A | $ | $ | $ |
| Unemployment payments | $ N/A | $ | $ | $ |
| Public-assistance (such as welfare) | $ N/A | $ | $ | $ |
| Other (specify):________________ | $ N/A | $ | $ | $ |
| **Total monthly income:** | $ 350 | $ | $ 350 | $ |

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| Demand Media Studios | Internet - based | 2010-Now | $ 100 |
| opposing views | Internet-based | 2010-present | $ 100 |
| Self | Web-sites | 2006-Pres. | $ 150 |

3. List your spouse's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| N/A | N/A | N/A | $ N/A |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ 15.00
Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Bank of America | Checking | $ 91.36 | $ N/A |
| Paypal | Internet | $ X | $ N/A |
| | | $ | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home (Value) | Other Real Estate (Value) | Motor Vehicle #1 (Value) |
|---|---|---|
| N/A | N/A | Make and year: N/A<br>Model:<br>Registration No: |

| Home (Value) | Other Real Estate (Value) | Motor Vehicle #2 (Value) |
|---|---|---|
| N/A | N/A | Make and year: N/A<br>Model:<br>Registration No: |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person(s) owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | $ N/A | $ N/A |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| N/A | N/A | N/A |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| Expenses | Amount expected next month: You | Amount expected next month: Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home)<br>Are real-estate taxes included? ☐ YES ☒ NO<br>Is property insurance included? ☐ YES ☒ NO | $ N/A | $ N/A |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 100 | $ N/A |
| Home maintenance (repairs and upkeep) | $ N/A | $ N/A |
| Food | $ 50 | $ N/A |
| Clothing | $ N/A | $ N/A |
| Laundry and Dry Cleaning | $ 10 | $ N/A |
| Medical and dental expenses | $ N/A | $ N/A |

| | | |
|---|---|---|
| Transportation (not including motor vehicle payments) | $ 20 | $ N/A |
| Recreation, entertainment, newspapers, magazines, etc. | $ N/A | $ N/A |
| Insurance (not deducted from wages or included in Mortgage payments): | | |
| Homeowner's or renter's | $ N/A | $ N/A |
| Life | $ | $ |
| Health | $ | $ |
| Motor Vehicle | $ | $ |
| Other: | $ | $ |
| Taxes (not deducted from wages or included in Mortgage payments) (specify): Freelancing taxes paid at end of year and low income means I qualify for earned Income Tax credit | $ | $ |
| Installment payments | | |
| Motor Vehicle | $ N/A | $ N/A |
| Credit card (name): | $ | $ |
| Department Store (name): | $ | $ |
| Other: | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) hosting Fees For sites | $ 48 | $ [illegible] |
| Other (specify): | $ N/A | $ |
| **Total monthly expenses:** | $ 228 | $ |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☐ YES ☒ NO If yes, describe on an attached sheet.

10. Have you paid - or will you be paying- an attorney any money for services in connection with this case, including the completion of this form?

☐ YES ☒ NO If yes, how much? $ ______

If yes, state the attorney's name, address, and telephone number:

11. Have you paid — or will you be paying — anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

☐ YES ☒ NO If yes, how much? $ ________

If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

I am overwhelmed with legal work and have no time to pursue more profitable writing work, much of which would only be feasible with victories in my cases.

13. State the address of your legal residence.

When I am able to return home I will be living at:
107 Cotton Hill Rd. Belmont, NH 03220

Your daytime phone number: 617-209-4325

Your age: 33 Your years of schooling: 12 - B.A. in English from Norwic Universi

Your social-security number: 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

Sign Off

Locations Mail Help En Español

Accounts Bill Pay Transfers Investments Customer Service

Enter keyword(s)

Accounts Overview Account Details My Portfolio Alerts Open an Account

## MyAccess Checking - 6348

Account: Select Account Go

Did you know we automatically send you a courtesy email alert when your available balance drops below $25? If you'd rather not receive this Courtesy Balance Alert, you can turn it off within the Alerts tab. For quick access to your available balance any time via text message, enroll in **Text Banking.**

Hide this message

**Balance Summary** ?

**$91.36** Available Balance as of today

Account balance history

Tips to help avoid fees

**Account Profile & Settings**

Show account number

Show routing numbers

Personal schedule of fees

**My Keep the Change® Savings**



**$141.24²**

My savings keep adding up with Keep the Change!

View my savings

Turn off Popup Help

QUICK TIP

Now see your cleared checks with your online statement.

Learn more

**Pay Your Bills**

Schedule a payment with Bill Pay

Pay a bill due today with Quick Payment

Learn about your payment options

**Customer Service**

Stop mailing paper statements

Manage alerts

Check card settings

Show me more services...

**Account Activity** **My Statements** **Find Transactions**

Download Print

Go to: Today (Apr 25, 2011) Newest · Next · Previous · Oldest Quick Find Find

| Date | Description | Type | Status | Amount | Available Balance |
|---|---|---|---|---|---|
| | **Amount included in Available Balance** | | | | |
| Processing | CHECKCARD 04/23 PAYPAL *FIVERR COM 4029357733 | | | -$5.00 | $91.36 |
| Processing | CHECKCARD 04/23 PAYPAL *FIVERR COM 4029357733 | | | -$5.00 | $96.36 |
| Processing | CHECKCARD 04/23 PAYPAL *FIVERR COM 4029357733 | | | -$5.00 | $101.36 |
| Processing | CHECKCARD 04/23 PAYPAL *FIVERR COM 4029357733 | | | -$5.00 | $106.36 |
| 04/21/2011 | CHECKCARD 0419 PAYPAL *SKYPE 35314369001 85353391110115424608016 | | | -$0.36 | $111.36 |
| 04/21/2011 | KEEP THE CHANGE TRANSFER TO ACCT 5263 FOR 04/21/11 | | | -$1.07 | $111.72 |
| 04/21/2011 | CHECKCARD 0419 PAYPAL *SKYPE 35314369001 85353391110115424608016 | | | -$12.05 | $112.79 |
| 04/21/2011 | CHECKCARD 0420 PAYPAL *ITPROEXPR 4029357733 CA 55429501110849540622736 | | | -$20.88 | $124.84 |
| 04/20/2011 | Online Banking transfer from SAV 5263 Confirmation# 3730617771 | | | $31.00 | $145.72 |
| 04/20/2011 | Counter Credit | | | $100.00 | $114.72 |
| 04/18/2011 | CHECKCARD 0414 PAYPAL *SKYPE 35314369001 85130071105114747013850 | | | -$0.30 | $14.72 |
| 04/18/2011 | KEEP THE CHANGE TRANSFER TO ACCT 5263 FOR 04/18/11 | | | -$0.24 | $15.02 |
| 04/18/2011 | CHECKCARD 0414 PAYPAL *SKYPE 35314369001 85130071105114747013850 | | | -$10.00 | $15.26 |
| 04/18/2011 | Wal-Mart Super 04/16 #000011232 PURCHASE 5070 WAL-SAMS LAS VEGAS NV | | | -$21.76 | $25.26 |
| 04/15/2011 | CHECKCARD 0413 PAYPAL *FREELANCE 4029357733 85263801104114740417215 | | | -$0.25 | $47.02 |
| 04/15/2011 | KEEP THE CHANGE TRANSFER TO ACCT 5263 FOR 04/15/11 | | | -$0.70 | $47.27 |
| 04/15/2011 | CHECKCARD 0413 PAYPAL *FREELANCE 4029357733 85263801104114740417215 | | | -$8.30 | $47.97 |
| | **Statement as of 04/14/2011** (view now) | | | | |
| 04/12/2011 | CLARK COUNTY C 04/12 #000885018 WITHDRWL 200 LEWIS AVE LAS VEGAS NV FE | | | -$2.00 | $56.27 |
| 04/12/2011 | CLARK COUNTY C 04/12 #000885018 WITHDRWL 200 LEWIS AVE LAS VEGAS NV | | | -$22.50 | $58.27 |

| | | | |
|---|---|---|---|
| 04/11/2011 | PAYPAL DES:TRANSFER ID:49KJ24US9X9RJ INDN:RICH BERGERON CO ID:PAYP | $80.00 | $80.77 |
| 04/08/2011 | KEEP THE CHANGE TRANSFER TO ACCT 5263 FOR 04/08/11 | -$0.70 | $0.77 |
| 04/08/2011 | CIRCLE K 00542 04/08 #000342283 PURCHASE 3500 E CHARLESTON LAS VEGAS NV | -$11.30 | $1.47 |
| 04/08/2011 | PAYPAL DES:TRANSFER ID:49KJ24UKKYXEJ INDN:RICH BERGERON CO ID:PAYP | $12.00 | $12.77 |
| 04/04/2011 | KEEP THE CHANGE TRANSFER CANCELED-LOW ACCT BALANCE | $0.00 | $0.77 |
| 04/04/2011 | CIRCLE K 00542 04/03 #000338863 PURCHASE 3500 E CHARLESTON LAS VEGAS NV | -$3.48 | $0.77 |
| 04/04/2011 | USPS 314891001 04/04 #000000631 PURCHASE 3115 OLIVE ST LAS VEGAS NV | -$4.95 | $4.25 |
| 04/04/2011 | CIRCLE K 00542 04/02 #000261559 PURCHASE 3500 E CHARLESTON LAS VEGAS NV | -$13.87 | $9.20 |
| 04/04/2011 | CIRCLE K 00542 04/01 #000035984 PURCHASE 3500 E CHARLESTON LAS VEGAS NV | -$19.63 | $23.07 |
| 04/04/2011 | CIRCLE K 00542 04/04 #000226563 PURCHASE 3500 E CHARLESTON LAS VEGAS NV | -$21.67 | $42.70 |
| 04/04/2011 | Online Banking transfer from SAV 5263 Confirmation# 4992829813 | $2.50 | $64.37 |
| 04/04/2011 | PAYPAL DES:TRANSFER ID:49KJ24UA8TNHA INDN:RICH BERGERON CO ID:PAYP | $20.00 | $61.87 |
| 04/01/2011 | KEEP THE CHANGE TRANSFER TO ACCT 5263 FOR 04/01/11 | -$0.65 | $41.87 |
| 04/01/2011 | CHECKCARD 0331 PAYPAL *GODADDY.C 402-935-7733 AZ 55432861090000361053810 | -$22.45 | $42.52 |
| 04/01/2011 | CHECKCARD 0331 QUIZNOS SUB #4206 LAS VEGAS NV 55548961091249865010408 | -$33.90 | $64.97 |
| 04/01/2011 | Online Banking transfer from SAV 5263 Confirmation# 0663281256 | $6.00 | $98.87 |
| 03/31/2011 | KEEP THE CHANGE TRANSFER TO ACCT 5263 FOR 03/31/11 | -$0.20 | $92.87 |
| 03/31/2011 | CHECKCARD 0330 AWEBER COMMUNICAT HUNTINGDON VAPA 85101651089700338666579 | -$1.00 | $93.07 |
| 03/31/2011 | CIRCLE K 00542 03/30 #000004573 PURCHASE 3500 E CHARLESTON LAS VEGAS NV | -$11.80 | $94.07 |
| 03/31/2011 | CHECKCARD 0330 PAYPAL *CLICKBANK 4029357733 ID 55429501089849687567063 | -$24.00 | $105.87 |
| 03/30/2011 | KEEP THE CHANGE TRANSFER TO ACCT 5263 FOR 03/30/11 | -$1.22 | $129.87 |
| 03/30/2011 | CIRCLE K 00542 03/29 #000464195 PURCHASE 3500 E CHARLESTON LAS VEGAS NV | -$11.15 | $131.09 |
| 03/30/2011 | CHECKCARD 0329 PAYPAL *GODADDY.C 4029357733 AZ 55429501088849662834620 | -$14.83 | $142.24 |
| 03/30/2011 | CHECKCARD 0329 HOSTGATOR.COM 07135745287 TX 55309591088026371724105 | -$24.95 | $157.07 |
| 03/30/2011 | CHECKCARD 0329 PAYPAL *NING INC 4029357733 CA 55429501088849663976156 | -$25.85 | $182.02 |
| 03/29/2011 | KEEP THE CHANGE TRANSFER TO ACCT 5263 FOR 03/29/11 | -$1.27 | $207.87 |
| 03/29/2011 | CHECKCARD 0327 PAYPAL *GODADDY.C 4029357733 AZ 55429501087849591344478 | -$7.90 | $209.14 |
| 03/29/2011 | CIRCLE K 00542 03/28 #000251448 PURCHASE 3500 E CHARLESTON LAS VEGAS NV | -$9.33 | $217.04 |
| 03/29/2011 | CHECKCARD 0327 PAYPAL *ISLANDMED 4029357733 CA 55429501087849592186159 | -$12.50 | $226.37 |

| | | | | | |
|---|---|---|---|---|---|
| 03/28/2011 | KEEP THE CHANGE TRANSFER TO ACCT 5263 FOR 03/28/11 | | | -$1.06 | $238.87 |
| 03/28/2011 | CHECKCARD 0327 GOOGLE *paid stor google.com/chCA 55432861086000654322928 | | | -$5.00 | $239.93 |

Icon Legend **Showing:** All entries Download Print

**Go to:** Today (Apr 25, 2011) Newest · Next · Previous · Oldest Quick Find **Find**

[2] This includes the total saved from purchases since enrollment, last match paid and pending match. Your pending match will be paid on the anniversary of your enrollment.

**Secure Area**

Accounts · Bill Pay · Transfers · Investments · Customer Service
Privacy & Security · Locations · Alerts · Mail · Help · Site Map · Sign Off

**Bank of America, N.A. Member FDIC.** Equal Housing Lender
**© 2011 © 2011 Bank of America Corporation. All rights reserved.**

Investment and insurance products:

| Are Not FDIC Insured | Are Not Bank Guaranteed | May Lose Value |
|---|---|---|
| Are Not Deposits | Are Not Insured by Any Federal Government Agency | Are Not a Condition to Any Banking Service or Activity |

Merrill Lynch is the marketing name for Merrill Lynch Wealth Management and Merrill Edge which are made available through Merrill Lynch, Pierce, Fenner & Smith Incorporated (MLPF&S).

Merrill Lynch Wealth Management makes available products and services offered by MLPF&S and other subsidiaries of Bank of America Corporation. Merrill Edge is the marketing name for two businesses: Merrill Edge Advisory Center, which offers team-based advice and guidance brokerage services; and a self-directed online investing platform.

Securities products are provided by MLPF&S, a registered broker-dealer, Member SIPC, and a wholly-owned subsidiary of Bank of America Corporation.

Insurance products are offered through Merrill Lynch Life Agency Inc., Bank of America, N.A. and/or Banc of America Insurance Services, Inc., all of which are licensed insurance agencies and wholly-owned subsidiaries of Bank of America Corporation. Banc of America Insurance Services, Inc. does business in New York as Banc of America Insurance Agency.