**Entered on Docket**
**October 07, 2011**

**Hon. Lloyd King**
**United States Bankruptcy Judge**

Jonathan A. Backman
Law Office of Jonathan A. Backman
117 N. Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420
jbackman@backlawoffice.com

L. Kristopher Rath
Jeffrey Hall
Hutchison & Steffen
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145

Counsel for the Liquidating Trustee

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN<br><br>Hearing: September 30, 2011<br>9:30 a.m. |

ORDER ON LIQUIDATING TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH RICHARD BERGERON

The Liquidating Trustee, by his counsel, having identified and explained to the Court his agreement (the "Agreement") with Mr. Bergeron pursuant to which Mr. Bergeron will pursue no further claims (including without limitation, Rule 9011 claims) against the Debtor, the Liquidating Trust, the Liquidating Trustee or any professionals for the Liquidating Trustee, except that Mr. Bergeron will retain a pre-petition unsecured claim in the reduced amount of $175,000 against the Debtor's estate (the "Pre-Petition Claim"); the Liquidating Trustee having requested that the Court approve, as part of this Agreement, that Mr. Bergeron be allowed to appear telephonically in the event that a

hearing ultimately is had on the Pre-Petition Claim (the "Request"); the Court having denied the request to the extent that it pertains to any evidentiary hearings on such claim, but allowing the request to the extent (i) that it applies only to status and related non-evidentiary hearings ("Non-Evidentiary Hearings"), and (ii) that it apply only with respect to the Pre-Petition Claim, and not any other matters that Mr. Bergeron may have pending in this Court; the Court having considered the Agreement and the Request, and the lack of opposition thereto expressed at the hearing (provided that the Request is limited as herein stated), and good and sufficient cause appearing therefor;

IT IS HEREBY FOUND, ORDERED AND DECREED as follows:

1. The Agreement, as amended by the Request, is approved.

2. The Trust Estate shall pay the balance due of the $5,000 Settlement to Mr. Bergeron within three business days of this Order becoming a final order;

3. Mr. Bergeron may in the future appear telephonically in the event that there ever are any Non-Evidentiary Hearings with respect to the Pre-Petition Claim, but must appear in person in the evident of any evidentiary hearing on such claim.

4. The Request, and Court's limited allowance thereof, shall apply exclusively to the Pre-Petition Claim, and not as to any other matter that Mr. Bergeron may have pending, or may in the future bring, in this Court.

5. The Court retains jurisdiction to enforce the Settlements.

IT IS SO ORDERED.

SUBMITTED BY:

/s/ Jonathan A. Backman
*Counsel for the Liquidating Trustee*

###

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies as follows:

[ ] The Court waived the requirement of approval under LR 9021, with the consent of counsel.

[ ] The following counsel waived the requirement of approval:

[ ] No parties appeared or filed written objections, and there is no trustee appointed in this case.

[X] A copy of this proposed order was delivered to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below (list each party and whether the party has approved or failed to respond to the document):

Greg Garman, approved

Richard Bergeron, approved

Dated: October 3, 2011

Respectfully submitted,

/s/ Jonathan A. Backman

Jonathan A. Backman
Law Office of Jonathan A. Backman
117 N. Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420
FAX: (309) 820-7430
jbackman@backlawoffice.com

*Counsel for David Herzog, as Liquidating Trustee for the Estate of Xyience, Incorporated*