RECEIVED & FILED
MAR 23 9 15 AM '12
U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RICHARD E. BERGERON, III,<br><br>Appellant,<br>vs.<br><br>ZYEN, LLC; MANZEN, LLC, d/b/a XYIENCE,<br><br>Appellees. | ) | Case No.: 2:11-cv-00913-GMN-LRL<br><br>**ORDER** |

This action, filed by pro se Appellant Richard E. Bergeron, III, is an appeal from an injunction order issued by the United States Bankruptcy Court for the District of Nevada. (Notice of Transfer of Appeal to Dist. Ct., ECF No. 1.)[1] Pending before the Court is the Motion to Dismiss Appeal for Lack of Appellate Jurisdiction, filed by Appellees Zyen, LLC and Manzen, LLC, d/b/a Xyience. (ECF No. 5.)

## I. **BACKGROUND**

This appeal was transferred to this Court from the United States Bankruptcy Appellate Panel for the Ninth Circuit ("BAP"), *Bergeron v. Zyen*, BAP Case No. NV-11-1197 (hereinafter "*Bergeron*, BAP"), and proceeds from the bankruptcy case *In re Xyience, Inc.*, Case No. BK-S-08-10474-MKN (hereinafter "*In re Xyience*"), in the United States Bankruptcy Court for the District of Nevada ("Bankruptcy Court"). (*See* ECF No. 1.)

On April 8, 2011, United States Bankruptcy Judge Lloyd King issued an order ("Injunction Order" *In re Xyience*, Dkt. No. 619) granting Appellees' Emergency Motion for Plan Implementation Injunction (*In re Xyience*, Dkt. No. 589) and enjoining Appellant from

[1] Citations to documents and entries in this Court's docket will refer to Electronic Case Filing ("ECF") and the docket entry number.

interfering with the implementation of the plan of reorganization. (Injunction Order, ECF No. 1.) On April 10, 2011, the Bankruptcy Noticing Center sent notice of the Injunction by first class mail to Appellant's New Hampshire address of record. (*In re Xyience*, Dkt. No. 621.)

However, Appellant did not file his Notice of Appeal until April 25, 2011 in proper person (*In re Xyience*, Dkt. No. 622), listing his address as P.O. Box 5212, Weirs Beach, NH, 03247. (ECF No. 1.) The BAP opened a case file and assigned a case number to the appeal on April 27, 2011. (BAP Opening Letter, ECF No. 1; *Bergeron*, BAP, Dkt. No. 1.) The docket of the Bankruptcy Court reflected the transmittal of the appeal to the BAP. (*In re Xyience*, Dkt. No. 624.)

On April 28, 2011, the BAP issued a Notice of Deficient Appeal and Impending Dismissal ("First Notice"), notifying Appellant that "[t]he Notice of Appeal was filed beyond the FOURTEEN (14) day time period allowed by Fed. R. Bankr. § 8002, 8019[;] In re Slimick, 928 F.2d 304, 306 (9th Cir. 1990)." (First Notice, ECF No. 1; *Bergeron*, BAP Dkt. No. 5.) The First Notice advised Appellant that his appeal may be dismissed unless he filed a response within fourteen days of the notice, "provid[ing] an adequate legal explanation as to why the appeal should not be dismissed." (*Id.*) The First Notice was sent to Appellant's New Hampshire address on file with the court and listed in Appellant's Notice of Appeal. (*Id.*)

On May 18, 2011, the BAP issued a Second Notice of Deficient Appeal and Impending Dismissal ("Second Notice") to the same New Hampshire address, and containing the same information. (Second Notice, ECF No. 1; *Bergeron*, BAP Dkt. No. 6.) The Second Notice required Appellant to file a response within fourteen days of its issuance. (*Id.*)

On May 24, 2011, in the Bankruptcy Court, Appellees filed a Statement of Election to Have Appeal Heard by District Court Instead of Bankruptcy Appellate Panel Pursuant to 28 U.S.C. § 158(c)(1)(B). (ECF No. 1.) On June 2, 2011, the BAP received notice of Appellees' election and sent notice to this Court. (ECF No. 1.) On June 6, 2011, the appeal was transferred

to this Court by the BAP. (ECF No. 1.)

On June 27, 2011, Appellees filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and pursuant to Federal Rules of Bankruptcy Procedure 8002 and 8019. (ECF No. 5.)

On July 1, 2011, an entry was made in this Court's docket indicating that the copy of the Court's June 6, 2011, Minute Order sent by the Court Clerk to Appellant's New Hampshire address was returned as undeliverable and "unable to forward." (ECF No. 9.) Notwithstanding this apparent lack of notice or a correct address, Appellant filed a timely Response to Appellees' Motion to Dismiss. (ECF No. 10.) Between the April 25, 2011 filing of the Notice of Appeal and the July 7, 2011 filing of the Response, Appellant did not take any actions in the dockets of the Bankruptcy Court, the BAP or this Court.

Appellant's Response listed his email address and phone number, but no mailing address. (*Id.*) Appellant requested that "he be notified of future pleadings, order, and hearing dates via email at [Appellant's email address]." (*Id.* at 17:9-11.) Appellant's New Hampshire mailing address continues to be the sole mailing address on file with the Court. In his Response, Appellant's only explanation for this failure to update his mailing address is:

> Though Bergeron is currently residing in Nevada, he has to receive his mail forwarded from New Hampshire. This led to considerable delay in him receiving pertinent documents in any timely fashion. The nature of his work requires him to keep a low profile. He does not wish for the opposition to know where he is staying for fear they will harass him and attempt to intimidate him.

(Resp. to MTD, 10:19-25, ECF No. 10.)

Appellees filed a timely Reply. (ECF No. 11.) Appellees filed a Supplemental Certificate of Service for their Reply, indicating that service had also been effected via Appellant's email address. (ECF No. 12.)

/ / /

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert the defense of "lack of subject-matter jurisdiction" in a written motion. Fed. R. Civ. P. 12(b)(1). United States District Courts are granted jurisdiction to hear appeals from orders "of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of [Title 28, United States Code]." 28 U.S.C. § 158(a). Such appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2).

Federal Rule of Bankruptcy Procedure 8002(a) provides that a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). An appellant may request an extension of time by filing a written motion before the expiration of the time for filing a notice of appeal. Fed. R. Bankr. P. 8002(c). Upon a showing of excusable neglect, a motion for extension of time may be granted if filed not later than twenty-one days after the expiration of the time for filing a notice of appeal. *Id.*

Federal Rule of Bankruptcy Procedure 8019 expressly excepts Rule 8002 from the court's general authority to "suspend the requirements or provisions of the rules" "[i]n the interest of expediting decision or for other cause." Fed. R. Bankr. P. 8019. Federal Rule of Bankruptcy Procedure 9006(b)(3) also restricts the court's authority to extend time for filing, stating that "[t]he court may enlarge the time for taking action under [Rule 8002 and other rules] only to the extent and under the conditions stated in those rules." Fed. R. Bankr. P. 9006(b)(3).

The Ninth Circuit in *In re Slimick* emphasized that the time provisions of Rule 8002 are strictly enforced. 928 F.2d 304, 306 (9th Cir. 1990). "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." *In re Mouradick*, 13 F.3d 326, 327 (9th Cir.

1994). "'This rigid enforcement is justified by the peculiar demands of a bankruptcy proceeding, primarily the need for expedient administration of the Bankruptcy estate aided by certain finality of orders issued by the Court in the course of administration.'" *Id.* (quoting *In re Nucorp Energy, Inc.*, 812 F.2d 582, 583 (9th Cir. 1987).

## III. DISCUSSION

Here, the Bankruptcy Court order appealed by Appellant was entered on April 8, 2011. Appellant filed his Notice of Appeal on April 25, 2011, exceeding the Federal Rule of Bankruptcy Procedure 8002(a) requirement that it be filed within 14 days. Appellant never filed a request for extension pursuant to Rule 8002(c). Therefore, his Notice of Appeal was untimely.

In support of his argument that untimely filing of the Notice should not bar his appeal, Appellant cites to case law from the Second Circuit Court of Appeals describing leniency for pro se litigants, as well as to *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (discussing the liberal pleading standards set forth by Fed. R. Civ. P. 8(a)(2)) and to 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). (Resp. to MTD, 12-14, ECF No. 10.) Citing these cases and the statute, Appellant argues that "[a]rbitrary deadlines Bergeron could not meet due to service failures should not be the sole determining factor in these cases." (*Id.* at 13:18-19.)

Appellant appears to address his failure to file a timely Notice of Appeal in his Response:

> Judge King signed [Appellee's counsel] Garman's proposed order on the injunction and filed it only in the core bankruptcy case which Bergeron is not on the service list for. Bergeron did not receive the order in hand until the deadline of 14 days had passed. Bergeron respectfully requests to be put on par with opposing lawyers and be afforded service by email to avoid these same issues in the future.

(Resp. to MTD, 10:1-7, ECF No. 10.) Appellant does not state the date on which he received Judge King's injunction order. However, Appellant filed his Notice of Appeal of the order on

April 25, 2011, three days after the April 22, 2011, deadline of fourteen days had passed. The deadline to file a request to extend the time for filing the notice of appeal was May 13, 2011. Appellant does not explain why he did not file such a request for extension.

Appellant also briefly addresses the April 28, 2011, and May 18, 2011, letters the BAP sent by mail and filed in the BAP docket giving Appellant notice of his untimely filing and explaining that his appeal may be dismissed if he failed to respond within fourteen days. In his Response, Appellant states, "Bergeron was not served in time with the appeals court documents until it was too late to serve and file any responses." (Resp. to MTD, 2:17-18, ECF No. 10.) Appellant does not explain how he was able to timely file his Response to Appellees' Motion to Dismiss before this Court, notwithstanding his previous difficulties in timely responding to documents filed before the BAP and the Bankruptcy Court.

The Court's review of the cases cited by Appellant and a review of other applicable case law did not reveal any legal support for Appellant's contention that the legal precedent requiring strict enforcement of the Bankruptcy Rules and 28 U.S.C. § 158 should not be applied to him. Instead, the Court finds that the Ninth Circuit's opinion in *United States of America v. Catholic Healthcare West* is most instructive, inasmuch as the Court of Appeals was required to apply a rule that barred a party's appeal retroactively where it would have otherwise been timely:

> A claim that this result violates due process is equally unavailing. "As [the Supreme Court's] decisions have emphasized time and again, the Due Process Clause granted the aggrieved party the *opportunity* to present his case..." Plaintiffs do not have a due process right to a late appeal . . . .

602 F.3d 949, 954 (9th Cir. 2010) (first two alterations in original) (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982)).

Accordingly, the Court concludes that it lacks subject matter jurisdiction over Appellant's untimely appeal, and will grant Appellees' Motion to Dismiss.

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Appellees' Motion to Dismiss (ECF No. 5) is **GRANTED**. The Clerk shall enter judgment accordingly.

**DATED** this 28th day of March, 2012.

Gloria M. Navarro
United States District Judge

AO450 (Rev. 5/85) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

DISTRICT OF Nevada

Richard E. Bergeron, III

Appellant

V.

Zyen, LLC,
Manzen, LLC, d/b/a Xyience

Appellees

**JUDGMENT IN A CIVIL CASE**

Case Number: :11-cv-00913-GMN -CWH

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

☐ **Notice of Acceptance with Offer of Judgment.** A notice of acceptance with offer of judgment has been filed in this case.

IT IS ORDERED AND ADJUDGED

judgment is hereby entered in favor of Appellees Zyen, LLC and Manzen, LLC d/b/a Xyience and against Appellant Richard E. Bergeron, III.

March 28, 2012

Date

/s/ Lance S. Wilson

Clerk

/s/ Molly Morrison

(By) Deputy Clerk